## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUSTEES OF CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 16-1078 |
| GLEESON ASPHALT, INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, the TRUSTEES OF THE CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS, hereinafter referred to as "FUNDS", by their attorneys, PATCHETT LAW OFFICE, and complains of the Defendant, GLEESON ASPHALT, INC., as follows:

1. This action arises under Secs. 502 and 515 of the Employee Retirement Income Security act of 1974, as amended (29 U.S.C. Secs. 1132 and 1145), and the Court has jurisdiction over the subject matter of the claims pursuant thereto.

2. The Funds are administered pursuant to the terms and provisions of the Declarations of Trust creating said Funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and other applicable state and federal laws. The address and place of business of the Funds are P.O. Box 1246, Jacksonville, Illinois, 62651.

3. The Defendant is an employer engaged in an industry affecting commerce, who employs or has employed individuals in the appropriate unit of

laborers', the majority of which are members of and are represented by laborers' locals affiliated with the Funds, and the Defendant employer agreed to provide participation in the Funds in order to obtain health and welfare benefits for the employees represented by locals affiliated with the Funds.  The Defendant's address is 2800 West Main Street, Belleville, Illinois 62223.

4.The Defendant is obligated to submit contributions to the Funds pursuant to the terms of the Agreements attached hereto as Exhibits "1" and "2".

5.The Defendant has also agreed to be bound to the Agreement and Declarations of Trust governing the administration of said Funds by virtue of the Defendant's execution of the above stated Agreements.  Pursuant to the provisions contained therein, the Funds' representatives are authorized to conduct an audit upon the payroll books and records of a participating employer in order to determine whether such employer is fulfilling all of its obligations to the Funds.

6.Notwithstanding the foregoing, the Defendant has breached its obligations to the Funds in that an audit of the payroll records of the Defendant revealed that the Defendant has failed to submit timely and accurate contributions to the Funds.

7.The Funds have requested that Defendant fully perform its obligations, but the Defendant has failed and refused to perform as alleged herein.

8.The Defendant is indebted to the Funds in the amount of **Seven Thousand Eight Hundred Thirty Five Dollars and Thirty Cents ($7,835.30),** representing delinquent contributions from May through August, 2013, Local 1197.

9.The Defendant is indebted to the Funds in the amount of **Ten Thousand**

**Two Hundred Fifty Five Dollars and Fifty Four Cents ($10,255.54)** representing liquidated damages as follows:

| | | | |
|---|---|---|---:|
| May 8, 2013 | Local 1197 | $ | 783.53 |
| June 2005 | Local 44 | $ | 7.09 |
| August 2005 | Local 218 | $ | 80.80 |
| May 2013 | Local 459 | $ | 3.71 |
| December 2006 | Local 44 | $ | 25.00 |
| December 2006 | Local 459 | $ | 25.00 |
| December 2006 | Local 670 | $ | 575.17 |
| December 2006 | Local 742 | $ | 25.00 |
| May 2013 | Local 44 | $ | 316.80 |
| May 2013 | Local 338 | $ | 297.54 |
| May 2013 | Local 459 | $ | 25.00 |
| May 2013 | Local 622 | $ | 162.94 |
| May 2013 | Local 670 | $ | 620.62 |
| May 2013 | Local 1197 | $ | 38.87 |
| September 2013 | Local 44 | $ | 1,168.13 |
| September 2013 | Local 218 | $ | 151.03 |
| September 2013 | Local 459 | $ | 25.00 |
| September 2013 | Local 670 | $ | 796.73 |
| September 2013 | Local 1197 | $ | 25.00 |
| October 2013 | Local 44 | $ | 414.72 |
| October 2013 | Local 218 | $ | 627.56 |
| October 2013 | Local 459 | $ | 45.31 |
| October 2013 | Local 622 | $ | 25.00 |
| October 2013 | Local 670 | $ | 813.91 |
| November 2013 | Local 44 | $ | 297.98 |
| November 2013 | Local 218 | $ | 399.28 |
| November 2013 | Local 459 | $ | 52.50 |
| November 2013 | Local 670 | $ | 438.45 |
| December 2013 | Local 44 | $ | 168.96 |
| December 2013 | Local 218 | $ | 153.64 |
| December 2013 | Local 459 | $ | 25.00 |
| December 2013 | Local 670 | $ | 147.24 |
| April 2015 | Local 218 | $ | 31.72 |
| April 2015 | Local 459 | $ | 79.40 |
| April 2015 | Local 670 | $ | 408.67 |
| May 2015 | Local 338 | $ | 71.70 |
| May 2015 | Local 459 | $ | 167.89 |
| May 2015 | Local 477 | $ | 123.67 |
| May 2015 | Local 670 | $ | 443.23 |
| May 2015 | Local 670 | $ | 166.75 |

10. Pursuant to the aforementioned Agreements, the Defendant is liable for reasonable attorney fees, court costs, audit costs, liquidated damages and other reasonable expenses incurred by the Funds in connection with the collection of delinquent contributions.

WHEREFORE, the Funds pray:

A. That Judgment be entered in favor of the Funds and against the Defendant in the amount of **Eighteen Thousand Ninety Dollars and Eighty Four Cents ($18,090.84)** representing **Seven Thousand Eight Hundred Thirty Five Dollars and Thirty Cents ($7,835.30)** in delinquent contributions, **Ten Thousand Two Hundred Fifty Five Dollars and Fifty Four Cents ($10,255.54)** in liquidated damages.

B. That the Defendant be decreed to pay to the Funds its reasonable attorney fees and court costs as provided by 29 U.S.C. Sec. 1132(g)(2); and the aforementioned Agreements.

C. That the Defendant be required to comply with an up-to-date audit of its books.

D. The Funds have such other and further relief as the Court may deem just and equitable all at Defendant's cost.

Respectfully submitted,
s/ John R. (Randy) Patchett
104 West Calvert Street
P.O. Box 1176
Marion, IL 62959
Tele:  618-997-1984
Fax:   618-998-1495
E-Mail: patchettlawoffice@frontier.com
ARDC No. 02151677